UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUSAN HARROFF,<br><br>                          Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SERVICES, INC.,<br><br>                          Defendant. | Case No. 2:18-cv-2154-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings (#11). Plaintiff Susan Harroff responded and alternatively moved for Leave to File Amended Complaint (#19) to which Experian replied (#20).

**I.    Background**

**A. Factual Background**

Susan Harroff's complaint arises from an Experian credit report ("Experian Report") dated May 8, 2018. The Experian Report showed that Harroff's Bank of America account had been "charged off" multiple times from September 2016 through December 2016, and again from January 2017 through August 2017. ECF No. 1, ¶ 9. A "charge off" consists of a credit reporting agency ("CRA") treating an account receivable as a loss or expense because payment is unlikely. CHARGE OFF, Black's Law Dictionary (11th ed. 2019).

On or about June 21, 2018, Harroff disputed Experian's reporting of her Bank of America account in a "Dispute Letter." That letter claimed that the credit information provided by Bank of America and featured in the Experian Report was inaccurate. ECF No. 1, ¶ 10. Specifically, Harroff disputed the multiple charge-off notations listed on the Experian Report. Harroff also requested that if Experian did not make the changes identified in the Dispute Letter that Experian

include a notice on her credit report stating that the account was disputed. Id. at ¶ 21. Upon receiving this Dispute Letter, Experian timely notified Bank of America of this dispute based on its mandated statutory duty pursuant to Section 1681i(a)(2)(A). Id. at ¶ 11. Experian was then required to investigate the disputed information on Harroff's consumer report and report the results of that investigation to the consumer reporting agency if the investigation found the information to be incomplete or inaccurate. 15 U.S.C. § 168li. Experian determined that the multiple charge-off notations were accurate and decided not to remove them from Harroff's report.

On or about July 11, 2018, Harroff received a "reinvestigation" report from Experian, Report No. 3422-7662-53 ("Experian Reinvestigation"). ECF No. 1, ¶ 14. Experian indicated that Harroff's disputed account had been researched and "Updated." Id. Harroff believes that Experian's "reinvestigation" also qualified as a purported disclosure of all information in the consumer's file pursuant to Section 1681g. Regardless, Experian did not remove the multiple charge off notations, which all appeared in the Experian Reinvestigation. Nor did Experian update Harroff's credit report to reflect her dispute.

**B. Procedural History**

In November of 2018, Harroff brought this suit. She alleged that Experian violated multiple sections of the Fair Credit Reporting Act (FCRA) when it (1) failed to remove the multiple charge-offs listed on her Experian Report, (2) failed to conduct a reasonable reinvestigation of those charge-offs , (3) failed to review all relevant information Harroff provided in her Dispute Letter, and (4) failed to verify the multiple charge-off notations in connection with her credit reports. Harroff alleges that Experian's continued reporting of the multiple charge off notations was willful and inaccurate, entitling her to statutory damages under 15 U.S.C. § 1681n. Finally, Harroff claims that she suffered actual damages, including fear of credit denials, transportation costs, lost time, stress, and aggravation. See 15 U.S.C. § 1681o.

On December 12, 2018, Experian moved for Judgment on the Pleadings (#11) and to Stay Discovery (#12). Harroff objected to Experian's motion and claims that she has adequately pleaded facts to support each alleged FCRA violation. Alternatively, Harroff requests leave to

amend her complaint "in the event the Court grants any part of Experian's Motion." (#19 at 1). The parties' motions are fully briefed, and the Court now turns to their merits.

**II.      Legal Standard**

    **A. Motion for Judgment on the Pleadings**

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is "functionally identical" to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. See Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2009). However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 678. Second, the court must consider whether the

factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re StacElecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

### B. Leave to Amend

If the court concludes that a motion for judgment on the pleadings should be granted, it must then decide whether to grant leave to amend. The court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Flexibility in the pleading process is an important feature of the Federal Rules of Civil Procedure, and Rule 15(a) provides "[t]he court should freely give leave [to amend] when justice so requires." These pleading standards should be interpreted with extreme liberality bearing in mind "the underlying purpose of Rule 15 . . .[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). But courts may still deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on review that the complaint could not be saved by the proposed amendment. See Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012).

**III. Analysis**

**A. Experian's Motion for Judgment on the Pleadings**

Harroff's complaint alleges one cause of action: "Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq." Compl. 8, ECF No. 1. However, the complaint makes clear that its singular cause of action encompasses several alleged violations of § 1681. The complaint identifies potential violations of three subsections: § 1681e(b) (FCRA's accuracy provision); § 1681i (FCRA's investigation provision); and § 1681g (FCRA's consumer-disclosure provision). Each alleged violation originates with the multiple charge-offs on Harroff's Bank of America account and Experian's response to Harroff's dispute of those charge-offs. Accordingly, the Court will begin with Harroff's claim that the multiple charge-offs were inaccurate under § 1681e(b) and then proceed to the other alleged violations.

    1. <u>§ 1681e(b) Violations</u>

Harroff alleges that the Experian Report was inaccurate in violation of Section 1681e because it listed her Bank of America account as charged off multiple times. Section 1681e, entitled "Compliance procedures," describes what procedures a CRA must follow when preparing a consumer report. 15 U.S.C. § 1681e(b). The statute provides: "Whenever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." <u>Id.</u> To bring a Section 1681e claim, the consumer must "present evidence tending to show that a [CRA] prepared a report containing inaccurate information." <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995). In the Ninth Circuit, information is deemed inaccurate for the purposes of the FCRA where it either is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. <u>See, e.g.</u>, <u>Shaw v. Experian Info. Sols., Inc.</u>, 891 F.3d 749, 756 (9th Cir. 2018); <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 890 (9th Cir. 2010).

Harroff alleges that the multiple charge-offs listed on her Experian Report are both patently incorrect and materially misleading because an account can only be charged off one time. Harroff argues that even if the multiple charge-offs are not patently incorrect, they are

misleading enough to cause adverse credit decisions. See Carvalho, 629 F.3d at 890. Both Harroff and Experian provide evidence supporting their claims. Harroff submitted testimony from another FCRA case that seems to support her argument that multiple charge-offs are patently inaccurate and could indeed cause adverse credit decisions. Meanwhile, Experian presents authority from other district courts that have found multiple charge-offs accurate as a matter of law. See Shaw v. Equifax Info. Sols., Inc., 204 F. Supp. 3d 956, 961-62 (E.D. Mich. 2016) (granting summary judgment for defendant creditor, finding "nothing to indicate, as Plaintiff intimates, that anyone would believe there has been more than one charge off" where the creditor reported a debt with a charge-off date of March 28, 2012, as charged off from March 2015 through October 2015); Barakat v. Equifax Info. Servs., LLC, No. 16-10718, 2017 WL 3720439, at *3 n.1 (E.D. Mich. Aug. 29, 2017) (granting summary judgment for defendant CRAs, finding that plaintiff failed to put forward any evidence that reporting a charge off in multiple months is inaccurate). However, at this stage the Court will not consider outside evidence at the risk of converting this motion to a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (considering outside evidence at the motion to dismiss stage converts the motion into a motion for summary judgment).

Due to the conflict between the case law and the proffered evidence it is at least plausible that the appearance of multiple charge-offs on a consumer report could cause a prospective creditor to deny Harroff credit when faced with multiple—as opposed to one singular—charge-off. Therefore, Harroff has alleged sufficient factual matter, at this stage, to state a plausible claim for relief.

2. § 1681i Violations

Next, Harroff alleges that Experian failed to notify Bank of America that the multiple charge-offs listed on her account were disputed. She also alleges that Experian failed to clearly note in subsequent consumer reports that the account had been disputed by providing either her dispute statement or a clear and accurate codification or summary of the dispute. Section 1681i, entitled "Procedure in case of disputed accuracy," outlines the procedure a CRA must follow after a consumer dispute. 15 U.S.C. § 1681i. The statute provides: "if the completeness or

accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information[.]" 15 U.S.C § 1681i(a)(1)(A).

Under § 1681i(a)(2), the CRA must provide a prompt notice of dispute to "any person who provided any item of information in dispute" and that notice "shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2)(A). The CRA must also clearly note that the initial consumer report is disputed in any subsequent consumer reports it produces. See 15 U.S.C.A. § 1681i(c). A disputed credit file that lacks a notation of dispute may well be "incomplete or inaccurate" within the meaning of the FCRA. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1164 (9th Cir. 2009).

While Harroff does allege that she provided a statement of dispute along with her initial dispute letter, she does not allege that she ever provided a dispute statement to Experian after she received her reinvestigation results. As such, she cannot state a violation of § 1681i(c). See Guimond, 45 F.3d at 1335 ("[T]he district court was correct in concluding that reinvestigation is a predicate to the filing of a statement of dispute, and hence that statement's inclusion in any consumer report."); Johnson v. Wells Fargo Home Mortg., Inc., 558 F. Supp. 2d 1114, 1136 (D. Nev. 2008) ("[I]n order to prove a CRAs [*sic*] liability under § 1681i(c), the plaintiff must show she disputed an item in her file and that any reinvestigation conducted by the CRA did not resolve the dispute."). Harroff fails to allege that she filed a statement of dispute following her reinvestigation results, as required under § 1681i(c). Therefore, her claim that Experian violated § 1681i by not notifying Bank of America of her dispute fails.

Because the Court will grant judgment in Experian's favor as to this portion of Harroff's claim, it must decide whether Harroff's proposed amendment would remedy her § 1681i claim. See Harris, 682 F.3d at 1131. Harroff's factual allegations in the complaint must be construed as true and in most favorable light for her claim. See Lee, 250 F.3d at 688. But courts may still

deny leave to amend a complaint if such amendment would be futile. See Leadsinger, Inc., 512 F.3d at 532. Here, Harroff's proposed amendment is futile because her amended complaint does not allege that she filed a statement of dispute *after* she received the reinvestigation results as required by § 1681i(c). Therefore, the Court grants judgment in favor of Experian on Harroff's FCRA claim insomuch as it relies upon a violation of § 1681i and denies Harroff leave to amend.

### 3. § 1681g(a)(1) Violations

Harroff next alleges that Experian violated Section 1681g by "[r]epresenting that Plaintiff's credit information would be made available for permissible purposes, while not reporting that her information would also be made available for purposes not permissible under the FCRA," which "made it misleading and confusing to an ordinary consumer like Plaintiff." (ECF No. 1, ¶¶ 28, 30). Harroff alleges that "on information and belief Experian makes such information available to consumers for purposes which are impermissible in nature." Id. Additionally, Harroff asserts that Experian provided her credit information without her permission. Section 1681g(a)(1) states that CRAs "shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).

The CRA must also disclose to the consumer the identification of each person that procured a consumer report either for employment reasons during the two-year period preceding the date on which the request was made or for any other purpose, during the 1-year period preceding the date on which the request was made. See 15 U.S.C.A. § 1681g(a)(3)(A). Harroff's allegations here fail to raise a right to relief above the speculative level. Harroff fails to identify any specific third parties that viewed her Experian credit reports or any specific impermissible purpose for which Experian allegedly furnished a report. Harroff has failed to sufficiently allege that she has a right to relief that is not fully premised on a third parties' hypothetical ability to access her data. Therefore, the Court must grant judgment in favor of Experian.

Next, this Court must decide whether Harroff's proposed amendment would remedy her § 1681g claim. See Harris, 682 F.3d at 1131. Harroff's proposed amended complaint again fails to cure the deficiencies of her § 1681g)(a)(1) claim. Harroff's proposed amendment does not include specifics regarding which third-party, if any, accessed her Experian credit reports

without a permissible purpose. The proposed amendment also fails to identify any specific impermissible purpose for which Experian allegedly furnished a report. Harroff alleges that LexisNexis procured her consumer report for insurance purposes but does not assert that this constituted an impermissible action. Thus, Harroff has failed to sufficiently allege that she has a right to relief that is not fully premised on a third parties' hypothetical ability to access her data. See Rosco v. Experian Info. Sols., No. 2:15-CV-325-RMP, 2017 WL 6061977, at *6-7 (E.D. Wash. Dec. 7, 2017) (granting Experian's Motion for Summary Judgment due to Plaintiff's failure to "identify any entity that impermissibly accessed Experian's reports of Plaintiffs' credit information."). Therefore, the Court grants Experian's motion for judgment on the pleadings so far as Harroff's claim relies on a violation of § 1681g.

### 4. Willfulness of Experian's Conduct

Finally, Harroff alleges that Experian's purported violations of the FCRA were willful, entitling her to statutory damages under 15 U.S.C. § 1681n(a)(1). The FCRA addresses willful noncompliance and presents plaintiffs with two options to recover damages: "any actual damages" sustained or "statutory damages." See § 1681n(a)(1). The Supreme Court has explained that willful noncompliance requires a showing of "reckless FCRA violations." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Under this standard, reckless actions are those involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. at 68. A CRA does not act in reckless disregard of FCRA unless the action is not only a violation under a reasonable reading of the statute but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. Id. at 69. By contrast, if a CRA negligently violated the FCRA, then the appropriate penalty is the harm that actually resulted to Plaintiff. See In re Ocwen Loan Servicing LLC Litig., 240 F. Supp. 3d 1070, 1077 (D. Nev. 2017). Additionally, a CRA's "erroneous" interpretation of the FCRA is not necessarily "objectively unreasonable." Safeco, 551 U.S. at 69.

In this case, Harroff failed to allege sufficient facts to support her claim that Experian's purported FCRA violations were willful. Harroff alleges that Experian's reporting of her account as charged off multiple times was done in "reckless disregard" of the FCRA, but her allegations

do not show that Experian ran a substantial risk of violating the FCRA. Therefore, Harroff has failed to allege that Experian willfully violated the FCRA by reporting her account as charged off multiple times, and so she is not entitled to statutory damages

In sum, Harroff has pleaded adequate facts to support her claim that multiple charge-off notations on a consumer credit report are inaccurate in violation of the FCRA. However, Harroff has failed to adequately allege facts that Experian violated §§ 1681i, 1681g. Additionally, Harroff has not shown that Experian's actions were reckless such that she is entitled to statutory damages. The Court has also reviewed Harroff's proposed amended complaint and determined that the complaint would not cure these deficiencies.

### IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendant Experian Information Solutions, Inc,'s Motion for Judgment on the Pleadings (#11) is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER ORDERED that Plaintiff Harroff's Motion for Leave to Amend the Complaint (#19) is **DENIED**.

Dated this 3rd day of September 2019.

_____
Kent J. Dawson
United States District Judge