UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN HARROF, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SERVICES, INC., <br><br><br> Defendant. | Case No. 2:18-cv-02154-KJD-EJY <br><br> **ORDER** |

Presently before the Court are Defendant's (#32) and Plaintiff's (#35) Motions for Reconsideration. Plaintiff (#34/38) and Defendant (#36/37) responded and replied.

I.   Legal Standard

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id. In this case, the Court granted in part and denied in part (#31) Defendant's Motion for

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

1  Judgment on the Pleadings. Both parties filed motions to reconsider within the twenty-eight-day
2  period, therefore they are timely and considered Rule 59(e) motions.
3      A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the
4  interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of
5  Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration under Rule 59(e) is appropriate
6  where: (1) the district court is presented with newly discovered evidence or committed clear
7  error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in
8  controlling law.  See School Dist. No. 1J., 5 F.3d at 1263.
9      II.    Analysis
10      Neither party attempts to introduce newly discovered evidence or argue that the initial
11  order was manifestly unjust. Defendant claims the Court committed clear error by considering
12  Plaintiff's expert statement, which was not in the pleadings. Plaintiff alleges the Court
13  committed clear error by granting Defendant's motion and not granting her leave to amend her
14  complaint.
15      A.  Defendant's clear error claim
16      The Court granted Defendant's motion for judgment on the pleadings for all but one of
17  Plaintiff's claims. The surviving claim focuses on whether the appearance of multiple charge-
18  offs on Plaintiff's consumer report could constitute inaccurate information. The claim survived
19  due to the conflict between the evidence provided by Plaintiff and the persuasive authority cited
20  by Defendant. Experian alleges that Plaintiff's evidence should not have been considered
21  because it was not included in the pleadings. If a court considers outside evidence at the
22  dismissal stage, then it converts the motion to a motion for summary judgment. See Anderson v.
23  Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The Court erred in considering this testimony. The
24  expert testimony was not part of the pleadings and should not have been considered.
25      Additionally, the Court agrees with the holding in Steinmetz, and finds that the plaintiff
26  "failed to allege how reporting charge-offs on a single tradeline in consecutive months would be
27  misleading in such a way and to such an extent that it can be expected to adversely affect credit
28  decisions." Steinmetz v. American Honda Finance, 2019 WL 4415090, at *5 (D. Nev. 2019)

(quoting Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010)). The parties agree that there is only one charge-off event. The charge-off as reported is not patently inaccurate or misleading. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009). Plaintiff fails to show how multiple reports of the charge-off adversely affected or could adversely affect her credit and amending the complaint is futile. The Court grants Experian's motion for judgment on the pleadings regarding the 1681e(b) violation claim.

      B. Plaintiff's clear error claims

Plaintiff alleges that reconsideration is warranted and that the Court failed to consider the new allegations in the amended complaint before denying leave to amend. Haroff's 1681g(a)(1) amendment relies on the assertion that the reinvestigation is both a consumer disclosure and a consumer report. However, this belief is at odds with the case law. Courts "expressly caution against conflating these two types of documents when interpreting the FCRA." Steinmetz, 2019 WL 4415090 at *7 (quoting Larson v. Trans Union, LLC, 2013 WL 5665629, *4 (N.D. Cal. 2013)). A plaintiff's attempt to "expand the definition of consumer report runs afoul of controlling precedent" and the Court will not conflate disclosures and reports. Id.

Plaintiff also alleges that the Court failed to consider why her amended § 1681i claim would be futile. Shaw makes it clear that any § 1681i claim requires the showing of inaccurate reporting. "To sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." Shaw v. Experian Information Solutions, Inc., 891 F.3d 749, 756 (9th Cir. 2018) (internal quotations omitted). To demonstrate inaccurate reporting, a plaintiff must show that the information was "patently inaccurate, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Gorman, 584 F.3d at 1163 (9th Cir. 2009) (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)). Plaintiff fails to make a prima facie showing in the amended complaint of inaccurate reporting, thus the amendment would be futile.

Plaintiff's amended complaint alleges that during the reinvestigation Defendant relied upon the information from Bank of America and did not have proper checks and balances in place to discover a mistake. However, the amended complaint does not explain why Plaintiff

expects this to harm her credit or how it has affected any decisions regarding her credit. Before a court analyzes the reasonableness of a CRA's reinvestigation, a plaintiff must show that she "suffered damages as a result of the inaccurate information." Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603, 608 (7th Cir. 2005) (quoting Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004)). Plaintiff has failed to show that she suffered damages as a result of the alleged inaccurate information, therefore an analysis into Defendant's reinvestigation practices is unwarranted.

Plaintiff fails to show clear error, newly discovered evidence, a change in the controlling law, or that the previous order was manifestly unjust. Therefore, Plaintiff does not warrant reconsideration. Conversely, Defendant has demonstrated clear error and reconsideration is granted.

### III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Experian Information Solutions, Inc.'s Motion for Reconsideration (#32) is **GRANTED** and Defendant's original Motion for Judgment on the Pleadings (#11) is **GRANTED** in full.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (#35) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Supplemental Authority (#39) is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** against the Plaintiff.

DATED this 2nd day of September 2020.

Kent J. Dawson
United States District Judge